IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RED TREE INVESTMENTS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO, S.A., <br><br> Defendants. | Misc. Nos. 22-68-LPS & 22-69-LPS |

### MEMORANDUM ORDER

WHEREAS, Red Tree Investments, LLC ("Red Tree") owns debt issued by Petróleos de Venezuela, S.A. ("PDVSA") under two note agreements and a credit agreement from 2015 and 2016 (*see* D.I. 3 at 3);[1]

WHEREAS, other than making "one partial payment," PDVSA has "completely defaulted on its obligations" under the note agreements and credit agreement (*id.*);

WHEREAS, in February 2019, Red Tree filed two actions against PDVSA and the debt's guarantor, PDVSA Petróleo, S.A. ("Petróleo"), in New York state court to obtain money owed under the agreements (*id.*);

WHEREAS, PDVSA and Petróleo (together, "Defendants") removed both cases to the U.S. District Court for the Southern District of New York (*id.* at 3-4);

WHEREAS, on December 22, 2021, the New York district court granted summary

---

[1] Because the filings in Misc. No. 22-68-LPS and Misc. No. 22-69-LPS are substantively identical and numbered in the same manner, the Court's citations to the docket should be understood as referring to the filings in both cases.

1

judgment for Red Tree in both cases (*id.* at 4);

WHEREAS, on January 6, 2022, the New York district court entered final judgments for Red Tree in an amount totaling over $246 million (*id.*);

WHEREAS, on February 4, 2022, the New York district court granted Red Tree leave to register its judgments in this Court (*id.*);

WHEREAS, on February 8, 2022, Red Tree registered its judgments in this Court (*see generally* D.I. 1);

WHEREAS, on that same day, Red Tree filed a motion for an order authorizing a writ of attachment *fieri facias* (D.I. 2), which relates to PDVSA's shares of PDV Holding, Inc. (the "PDVH Shares");

WHEREAS, in response, Defendants filed a cross-motion to dismiss for lack of subject matter jurisdiction and to vacate the registered judgments (D.I. 9), which is based in part on a sanctions regime implemented by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC");

WHEREAS, the parties submitted full briefing and supporting declarations on both motions (*see generally* D.I. 3, 4, 10, 11, 12, 13, 14);

WHEREAS, while briefing was ongoing, the Court issued an opinion in *Phillips Petroleum Co. Venezuela Ltd. v. Petróleos de Venezuela, S.A.*, 2022 WL 611563 (D. Del. Mar. 2, 2022) ("*Phillips*");

WHEREAS, Defendants agree that, "[t]o the extent that the court in *Phillips* considered and decided legal arguments" that are also raised in Defendants' pending motion to dismiss in the instant actions, "Defendants do not contest, subject to their rights of appeal, entry of an order

that is consistent with the *Phillips* decision" (D.I. 14 at 1);

WHEREAS, the Court has carefully reviewed all of the parties' submissions;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that: (i) under 28 U.S.C. § 1610(c), a reasonable period of time has elapsed following entry of the judgments in favor of Red Tree; (ii) Red Tree's motion for an order authorizing a writ of attachment *fieri facias* (D.I. 2) is **GRANTED IN PART**; (iii) upon the Court's receipt of evidence that OFAC has either (a) authorized the issuance and service of a writ of attachment or (b) removed the sanctions under which the PDVH Shares are currently blocked property, then the Clerk of this Court is authorized to affix its original signature and seal on Red Tree's writ of attachment *fieri facias*; (iv) the Clerk of Court is directed ***not*** to issue or serve the writ of attachment until further order of the Court; and (v) Defendants' cross-motion to dismiss for lack of subject matter jurisdiction and to vacate the registered judgments (D.I. 9) is **DENIED**.

1. Defendants argue that the Court "does not have jurisdiction to issue advisory opinions and should therefore dismiss this action on ripeness grounds." (D.I. 10 at 12) In *Phillips*, the Court considered and rejected PDVSA's ripeness argument. *See* 2022 WL 611563, at *4-5. The Court understands that Defendants do not contest the application of *Phillips* with respect to the ripeness issue (while preserving their right to appeal). (*See* D.I. 14 at 1) Thus, for the same reasons stated in *Phillips*, the Court concludes that Red Tree presents a controversy that is ripe for adjudication. Defendants' motion to dismiss for lack of subject matter jurisdiction is, therefore, denied.

2. Defendants next argue that the Venezuelan sanctions regime implemented by OFAC currently bars the Court from granting Red Tree's requested relief. (*See* D.I. 10 at 6-11)

Defendants largely point to the same executive orders, statutes, and regulations the Court has already analyzed in *Phillips*. (*Compare id. with Phillips*, 2022 WL 611563, at *2-3) Again, the Court understands that Defendants do not oppose applying *Phillips* to dispose of this issue (*see* D.I. 14 at 1), so the Court adopts the reasoning articulated in *Phillips*. *See* 2022 WL 611563, at *5-8. Consequently, the Court concludes that "the OFAC sanctions regime does not require a specific license before the Court may enter an order authorizing the eventual issuance of a writ of attachment." *Id.* at *8.

3. Defendants argue that Red Tree's motion for a writ of attachment should be denied under 28 U.S.C. § 1610(c), which requires that a "reasonable period of time has elapsed following the entry of judgment." (*See* D.I. 10 at 14-15) Defendants primarily argue that a reasonable period of time has not elapsed because OFAC sanctions "prevent Red Tree from enforcing its judgments." (*Id.* at 15) Essentially, in Defendants' view, the pertinent clock has not even begun ticking. As the Court previously explained, however, OFAC sanctions do not alter the plain language of § 1610(c), which requires only the passage of a reasonable time. *See Phillips*, 2022 WL 611563, at *10 (citing *Saint Gobain Performance Plastics Eur. v. Bolivarian Republic of Venezuela*, 2021 WL 6644369, at *3 (D.D.C. 2019)). When Defendants filed their response, they further argued that "only a couple of weeks have passed" since the judgments were entered. (D.I. 10 at 15) As of the date of this Memorandum Order, nearly four months have now passed since the New York district court entered the judgments in Red Tree's favor. (*See* D.I. 1) Other courts have concluded that comparable amounts of time are reasonable under § 1610(c). *See Phillips*, 2022 WL 611563, at *10 (collecting cases); *see also Elliott Assocs., L.P. v. Banco de la Nacion*, 2000 WL 1449862, at *4 (S.D.N.Y. Sept. 29, 2000) (finding period

4

as short as ten days may be reasonable). An important consideration in the Court's conclusion is that, as in *Phillips*, 2022 WL 611563, at *10, Defendants have made "no discernable efforts to pay" Red Tree. Under the circumstances presented here, and for the reasons the Court previously provided in *Phillips*, the Court concludes that a reasonable period of time has elapsed since Red Tree's judgments were entered.

4. Finally, Defendants further argue that the registered judgments must be vacated because Red Tree's registration of those judgments violated OFAC sanctions. (*See* D.I. 10 at 13-14) In *Phillips*, the Court rejected PDVSA's similar attempt to vacate the registered judgment held by Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V. (together, "ConocoPhillips"). *See* 2022 WL 611563, at *8. As the Court explained there, registration of a judgment "is not connected to any specific blocked property," so "the OFAC regulations are not implicated." *Id.* Here, Defendants raise additional arguments that the Court did not previously have the occasion to address, but they do not alter the outcome.

Defendants argue that Red Tree's registered judgments are null and void under 31 C.F.R. § 591.202 because registration of the judgments in this Court automatically created liens on any real property held by Defendants in the State of Delaware (or at least New Castle County, where the Court is located). (*See* D.I. 10 at 13-14) (citing 10 Del. C. §§ 4702 & 4736) The first problem with this contention is that Defendants cannot point to any real property that they own (or that any related entities own) anywhere in Delaware. (*See* D.I. 12 ¶¶ 2-6; *see also* D.I. 14 at 1 & n.1) In fact, the only evidence on this point is Red Tree's declaration stating that its counsel conducted a diligent search and found no such real property holdings by either defendant. (*See*

*generally* D.I. 12) Even if Defendants or related entities might in the future acquire real property in Delaware, it is unclear whether the earlier-registered judgments would create an automatic lien on later-acquired property. (*See* D.I. 11 at 11)

Regardless, a more fundamental problem with Defendants' contention is that even if the registered judgments have created a lien on unidentified real property (or would create a lien on real property acquired in the future), the OFAC regulations would (at most) render null and void the *liens* (i.e., the prohibited "transfer"); they would not nullify or void the *judgments*. (*See id.* at 12) In their reply, Defendants do not address this flaw in their argument. (*See* D.I. 14 at 1-2) Accordingly, Defendants' motion to vacate the registered judgments is denied.[2]

5. The specific relief Red Tree seeks is an order "directing the Clerk of the Court to issue Red Tree's *praecipe*; and . . . staying service of the writ until the sanctions permit an attachment or Red Tree obtains a license permitting the attachment." (D.I. 3 at 15) As Defendants point out (*see* D.I. 14 at 2), Red Tree's requested relief goes beyond what the Court granted to ConocoPhillips. *See Phillips*, 2022 WL 611563, at *8-9. Alternatively, Red Tree requests whatever relief the Court grants to similarly situated judgment creditors. (D.I. 3 at 15) More particularly, in light of *Phillips*, Red Tree "does not contest" the Court's approach of waiting for a specific license or the material modification of the sanctions regime before issuing a writ of attachment. (D.I. 11 at 8 n.5) Given that representation, and because Red Tree is similarly situated to ConocoPhillips, the Court grants Red Tree the same relief that it granted to ConocoPhillips.

---

[2] Red Tree asserts that PDVSA's arguments in support of vacatur of the registered judgments "raise grave constitutional concerns" regarding the separation of powers. (D.I. 11 at 12-14) The Court need not, and does not, reach those constitutional issues.

6.  In related cases, the Court is considering whether to certify interlocutory appeals on the OFAC issues. *See Phillips*, 2022 WL 611563, at *10-11; *see also Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 2022 WL 611586, at *19-20 (D. Del. Mar. 2, 2022). Knowing this, Red Tree has advised the Court that it takes no position on whether an interlocutory appeal should be certified; but if the Court chooses to do so, Red Tree requests that Red Tree be permitted to participate in any interlocutory appeal. (D.I. 11 at 3 & n.2; *see also id.* at 8 n.5) Defendants suggest that if the Court is granting some relief to Red Tree – as it is – the Court should certify an interlocutory appeal in this case. (*See* D.I. 14 at 3) The Court views the certification issue presented here as essentially identical to the certification issue it is confronting in the related cases. Therefore, the Court intends to include the instant cases in any forthcoming orders regarding certification of interlocutory appeals on the OFAC issues.

April 28, 2022  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES CIRCUIT JUDGE