# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OI EUROPEAN GROUP B.V., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 19-290-LPS |
| PHILLIPS PETROLEUM COMPANY VENEZUELA LIMITED and CONOCOPHILLIPS PETROZUATA B.V., <br><br> Plaintiffs, <br><br> v. <br><br> PETRÓLEOS DE VENEZUELA, S.A., CORPOGUANIPA, S.A., and PDVSA PETRÓLEO, S.A., <br><br> Defendants. | Misc. No. 19-342-LPS |
| NORTHROP GRUMMAN SHIP SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 20-257-LPS |
| ACL1 INVESTMENTS LTD., ACL2 INVESTMENTS LTD., and LDO (CAYMAN) XVIII LTD., <br><br> Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 21-46-LPS |

| | |
|---|---|
| RED TREE INVESTMENTS, LLC,<br><br>           Plaintiff,<br><br>    v.<br><br>PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO, S.A.,<br><br>           Defendants. | Misc. Nos. 22-68-LPS<br>& 22-69-LPS |

## MEMORANDUM ORDER

WHEREAS, in an Opinion dated March 2, 2022, the Court concluded (among other things) that the Venezuelan sanctions regime implemented by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") does not bar the Court from authorizing the eventual issuance of writs of attachment *fieri facias* sought by OI European Group B.V. ("OIEG"); Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V. (together, "ConocoPhillips"); Northrop Grumman Ship Systems, Inc., now known as Huntington Ingalls Inc. ("Huntington Ingalls"); and ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO Cayman XVIII Ltd. (collectively, "ACL"), provided that such writs will not be issued, delivered, or served unless and until the judgment creditors receive specific licenses from OFAC or the sanctions regime materially changes (*see generally* Misc. No. 19-290 D.I. 109 ("March 2022 Opinion") at 12-22);[1]

WHEREAS, in a Memorandum Order dated April 28, 2022, the Court applied its

---

[1] For simplicity, throughout the instant Memorandum Order, the Court generally cites the March 2022 Opinion, corresponding Order, and subsequent joint status report as docketed in Misc. No. 19-290, even though the same documents appear on the dockets of three more of these cases. (*See generally* Misc. No. 19-342 D.I. 42, 43, 45; Misc. No. 20-257 D.I. 58, 59, 60; Misc. No. 21-46 D.I. 33, 34, 35)

1

reasoning from the March 2022 Opinion regarding the OFAC issue to the cases brought by Red Tree Investments, LLC ("Red Tree") (*see generally* Misc. No. 22-68 D.I. 15);[2]

WHEREAS, the Court explained that it is inclined to certify interlocutory appeals regarding the OFAC issue to the Third Circuit (*see* March 2022 Opinion at 25-26);

WHEREAS, the Court ordered a joint status report to give the parties an opportunity to provide their views on potential interlocutory appeals (*see id.* at 26; *see also* Misc. No. 19-290 D.I. 110 ("March 2022 Order") at 3);

WHEREAS, OIEG, ConocoPhillips, Huntington Ingalls, ACL, Petróleos de Venezuela, S.A. ("PDVSA"), Corpoguanipa, S.A., PDVSA Petróleo, S.A., and the Bolivarian Republic of Venezuela (the "Republic") submitted a joint status report setting forth their views on potential interlocutory appeals (*see generally* Misc. No. 19-290 D.I. 111);

WHEREAS, Red Tree separately indicated its position regarding potential interlocutory appeals in a brief filed after the Court issued its March 2022 Opinion and Order (*see* Misc. No. 22-68 D.I. 11 at 3, 8 n.5, 9, 16);

WHEREAS, the Court has carefully considered the parties' positions and their arguments for and against certification of interlocutory appeals;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Court's March 2, 2022 Order (Misc. No. 19-290 D.I. 110; Misc. No. 19-342 D.I. 43; Misc. No. 20-257 D.I. 59; Misc. No. 21-46 D.I. 34) and April 28, 2022 Memorandum Order (Misc. No. 22-68 D.I. 15; Misc. No. 22-69 D.I. 15) are **AMENDED** to incorporate the Court's discussion and conclusions in the

---

[2] Because the filings in Misc. No. 22-68 and Misc. No. 22-69 are substantively identical and numbered in the same manner, the Court's citations to the docket in Misc. No. 22-68 should also be understood as referring to the docket in Misc. No. 22-69.

instant Memorandum Order.

1. The Court has discretion to certify an order for interlocutory review when "exceptional circumstances" merit a departure from the final judgment rule. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (internal quotation marks omitted), *superseded by rule on other grounds, as stated in Microsoft v. Baker*, 137 S. Ct. 1702 (2017). "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that [i] such order involves a controlling question of law [ii] as to which there is substantial ground for difference of opinion and that [iii] an immediate appeal from the order may materially advance the ultimate termination of the litigation, he [or she] shall so state in writing in such order." 28 U.S.C. § 1292(b); *see also, e.g.*, *Obasi Inv. Ltd. v. Tibet Pharm., Inc.*, 931 F.3d 179, 183 (3d Cir. 2019). In these cases, all three requirements under § 1292(b) are met with respect to the OFAC issue.

2. ***Controlling Question of Law.*** In the March 2022 Opinion, the Court definitively determined that the OFAC sanctions do not prevent the Court from authorizing the eventual issuance of a writ of attachment, conditioned on the judgment creditor's receipt of a specific license from OFAC or a material modification to the sanctions regime. (*See* March 2022 Opinion at 12-22) Given that conclusion, the Court issued a corresponding Order that granted in part ConocoPhillips' motion for a writ of attachment. (March 2022 Order at 2) Subsequently, the Court also granted in part Red Tree's motions for similar writs of attachment. (Misc. No. 22-68 D.I. 15) If the Third Circuit were to disagree with this Court on the OFAC issue, the proceedings in all of the above-captioned actions would effectively be halted unless and until the judgment creditors obtain specific licenses from OFAC or the sanctions regime

materially changes.  *See, e.g.*, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 2022 WL 611586, at *19 (D. Del. Mar. 2, 2022) (noting that Court of Appeals' disagreement could "prevent this Court from undertaking . . . costly, unnecessary, and legally invalid" steps in litigation).  Moreover, if the Third Circuit disagrees with this Court, then the Third Circuit would likely vacate this Court's partial grant of ConocoPhillips' and Red Tree's motions for a writ of attachment.  Thus, the March 2022 Order involves a controlling question of law.

       3.     ***Substantial Ground for Difference of Opinion.***   The Court "has done its best to evaluate the parties' competing arguments and to explain its reasoning for concluding that it has the authority, consistent with the sanctions," to authorize the eventual issuance of a writ of attachment.  *Crystallex*, 2022 WL 611586, at *19.  As the Court already explained, it "has spent a great deal of time over the past year analyzing the sanctions regime," and it "is confident it has reached the best decisions it possibly can." (March 2022 Opinion at 26)  At the same time, the Court recognizes that PDVSA has presented coherent and reasonable arguments supporting its interpretation of the OFAC sanctions.  In particular, PDVSA's arguments focus on the plain text of the relevant Executive Orders and OFAC regulations.  (*See, e.g.*, Misc. No. 19-342 D.I. 33, 36; Misc. No. 22-68 D.I. 10 at 6-11)  While the Court disagrees with PDVSA, PDVSA raises novel legal issues that have not been resolved by other courts.  Accordingly, the Court concludes that there is substantial ground for difference of opinion regarding the OFAC issue.  (*See* March 2022 Opinion at 26) (recognizing that "there is substantial ground for difference of opinion on how the sanctions apply to these cases")

       4.     ***Material Advancement of the Litigation's Ultimate Termination.***   "The requirement that an appeal may materially advance the ultimate termination of the litigation is

4

closely tied to the requirement that the order involve a controlling question of law." 16 Wright & Miller, *Federal Practice and Procedure* § 3930 (3d ed. Apr. 2022 Update). As the Court explained above for the first factor, the Third Circuit's vacatur or reversal of the March 2022 Order might completely stop this litigation from proceeding in this Court (at least for now). Conversely, if the Third Circuit agrees with this Court, "the Court of Appeals could provide greater comfort" in the legitimacy of these proceedings and would help to push them toward their conclusion. *Crystallex*, 2022 WL 611586, at *19. Thus, the Court concludes that interlocutory appeals would materially advance the ultimate termination of this litigation.

      5.     ***Exceptional Circumstances.*** As PDVSA observes, the OFAC issue implicates "significant U.S. foreign policy considerations" that "permeate" these cases and will permeate any future cases brought by any other judgment creditors of PDVSA and/or the Republic. (Misc. No. 19-290 D.I. 111 at 6) These exceptional circumstances make interlocutory review particularly appropriate here. *See Crystallex Int'l Corp. v. Petróleos de Venezuela, S.A.*, 2016 WL 7440471, at *2 (D. Del. Dec. 27, 2016) (explaining that interlocutory appeal was warranted because "international comity is implicated" and "enormous sums of money are at stake").

      6.     ***Arguments Against Certification of the OFAC Issue.*** ConocoPhillips opposes certification of interlocutory appeals because, in its view, the "OFAC issues . . . fail to meet the criteria for certification . . . under 28 U.S.C. § 1292(b)." (Misc. No. 19-290 D.I. 111 at 2) For the reasons explained above, the Court disagrees. ACL suggests that interlocutory appeals would be "unwarranted" because "there could be a question of this Court's jurisdiction." (*Id.* at 3) The Court does not believe that any jurisdictional problem would preclude the Third Circuit's review. (*See* March 2022 Opinion at 12 n.9)

7.  ***Parties' Additional Requests.***  In the joint status report, the parties provide some additional suggestions about how these cases should now proceed.  The Court will adopt some, but not all, of those suggestions.

a.  OIEG states that if any interlocutory appeal should occur, there should be "no stay of the OIEG proceedings."  (Misc. No. 19-290 D.I. 111 at 2; *see also id.* at 17 ("OIEG respectfully requests that this Court act swiftly to permit OIEG the opportunity to advance its own attachment proceeding to make the eventual sale more efficient and value-maximizing for all parties involved."))  Generally, the Court agrees with OIEG that, to the extent possible, the proceedings in these cases should continue to move forward.  *See, e.g.*, *Crystallex*, 2022 WL 611586, at *20 ("During such [interlocutory] appeal, the proceedings in this Court . . . would not be stayed.").  Any disputes about the progression of these cases will be resolved at the appropriate time.

b.  Huntington Ingalls supports certification, "but ***only after*** granting Huntington Ingalls' motion for a conditional writ of attachment," which would first require the Court to make factual findings regarding PDVSA's alter ego status.  (*See* Misc. No. 19-290 D.I. 111 at 3)  Similarly, OIEG and ACL ask the Court to make factual findings on PDVSA's alter ego status and to grant their motions for conditional writs of attachment.  (*Id.* at 7, 15)[3]  The

---

[3] The work completed in connection with the April 30, 2021 hearing will not go to waste; that work will be evaluated, to the extent necessary, when the Court decides the judgment creditors' pending motions.  The Court is not persuaded that postponing further assessment of the alter ego question is prejudicial (*see, e.g.*, Misc. No. 19-290 D.I. 111 at 12), in part because no judgment creditor can obtain priority in the PDVH Shares unless and until it obtains a specific license from OFAC or the sanctions regime materially changes.  Additionally, certain creditors' concerns that these cases would need to be reassigned to a new judge (*see, e.g.*, *id.* at 9) are addressed by the fact that the undersigned Judge has been designated to remain assigned to these

Court has already explained, however, that it is not prepared to make any factual findings regarding PDVSA's alter ego status at this juncture. (*See* March 2022 Opinion at 26-27) Moreover, because, as explained below, the Court is certifying the "pertinent time" issue for interlocutory review, the issuance of factual findings at this time would be inefficient. As PDVSA explains, "it would be a waste of judicial resources to adjudicate the alter ego issue prior to the resolution of the interlocutory appeals, when resolution of the appeals may obviate the need for, or preclude resolution of, the alter ego issue and where the alter ego issue will need to be revisited at a later date in any event." (Misc. No. 19-290 D.I. 111 at 17) In light of the potential interlocutory appeals, PDVSA suggests that it would be appropriate to hold the motions for writs of attachment in abeyance. (*See id.* at 17) That is how the Court will proceed.[4]

        c.        PDVSA asks the Court to certify two other issues for interlocutory review: (i) whether Executive Orders and OFAC regulations bar judgment creditors of PDVSA and/or the Republic from registering their judgments in this Court under 28 U.S.C. § 1963, and (ii) whether the motions for writs of attachment presented in these cases are ripe for adjudication under Article III of the U.S. Constitution. (Misc. No. 19-290 D.I. 111 at 4) The Court is not persuaded that there is a substantial ground for difference of opinion on these issues. Accordingly, the Court declines to frame these issues for interlocutory review.[5]

---

(and related) cases.

    [4] For the time being, the motions for conditional writs of attachment will remain pending. Although the Court previously raised the possibility of denying those motions without prejudice (*see* March 2022 Opinion at 27), at this point the Court will not do so, in order to avoid any unintended prejudice.

    [5] The Court has reviewed PDVSA's notice of supplemental authority (*see generally*

8.      ***Pertinent Time Issue.***     OIEG requests that if the Court is not granting its motion (as the Court currently is not), then as an alternative, the Court should certify an interlocutory appeal regarding the "pertinent time" for determining whether PDVSA is the Republic's alter ego.  (*Id.* at 7, 11)   Huntington Ingalls asks the Court to do the same.  (*Id.* at 15)   The Court grants these requests.   The pertinent time issue presents a controlling question of law.   If the Third Circuit disagrees with this Court and holds that the pertinent time for the alter ego analysis is the time of the injury that gave rise to the underlying judgment, the Court would no longer need to decide whether it must limit its view of the evidence to that involving the administration of Interim President Guaidó.  (*See, e.g.*, Misc. No. 19-290 D.I. 65 at 9-20)   Given the lack of precedent and the significant arguments on both sides, there is substantial ground for difference of opinion on the pertinent time issue.   The Third Circuit's input at this stage would help facilitate the ultimate termination of this litigation as the Court would know, with confidence, whether it needs to evaluate the alter ego question again and again (in several of the above-captioned cases and in other related pending and future cases).   Lastly, the foreign policy considerations and large amounts of money at stake in these cases present exceptional circumstances that make interlocutory review of the pertinent time issue especially appropriate.

9.      ***Conclusion.***     For the foregoing reasons, the Court certifies the following questions for interlocutory review:

---

Misc. No. 19-290 D.I. 112 (citing *Cassirer v. Thyssen-Bornemisza Collection Foundation*, No. 20-1566, 2022 WL 1177497 (U.S. Apr. 21, 2022)), which does not alter the Court's conclusion about which issues are suitable for interlocutory review.

> Whether Executive Orders and regulations issued by the U.S. Treasury Department's Office of Foreign Assets Control, under which the PDVH Shares are blocked property, bar the Court from authorizing the eventual issuance of a writ of attachment with respect to the PDVH Shares, provided that issuance, delivery, and service of any such writ will not occur unless the relevant judgment creditor obtains a specific license from OFAC or the Venezuelan sanctions regime changes so that the PDVH Shares are no longer blocked property.
>
> Whether the pertinent time for conducting an alter ego analysis with respect to the Bolivarian Republic of Venezuela and Petróleos de Venezuela, S.A. is: (i) the period between a judgment creditor filing a motion seeking a writ of attachment and the subsequent issuance and service of the writ, (ii) the time of the injury that gave rise to the judgment creditor's judgment, or (iii) some other time.

_____
HONORABLE LEONARD P. STARK
UNITED STATES CIRCUIT JUDGE

May 4, 2022
Wilmington, Delaware